Case 7:14-cv-01361-LSC   Document 16   Filed 12/16/14   Page 1 of 7



FILED
2014 Dec-16  PM 05:35
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# WESTERN DIVISION

| | |
|---|---|
| **PETRA WHITE TUBBS,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| **JPMORGAN CHASE BANK, N.A.** ) | |
| **and DIMONT & ASSOCIATES,** ) | Civil Action No.: 7:14-cv-01361-LSC |
| **INC.,** ) | |
| ) | |
| Defendants, ) | |
| ) | |
| v. ) | |
| ) | |
| **CORBITT WHITE,** ) | |
| ) | |
| Third-Party Defendant. ) | |

## DEFENDANT JPMORGAN CHASE BANK, N.A.'S
## COUNTERCLAIM AND THIRD-PARTY COMPLAINT
## FOR DECLARATORY JUDGMENT

COMES NOW Defendant JPMorgan Chase Bank, N.A. (hereinafter, "Chase"), and, pursuant to Rules 13, 14, 19, and 21 of the Federal Rules of Civil Procedure, submits the following Counterclaim and Third-Party Complaint against Plaintiff Petra White Tubbs and Third-Party Defendant Corbitt White in the above-styled action:

1.   Corbitt White (hereinafter, "Mr. White") is an adult and, upon information and belief, is a resident of the State of Alabama.  In the event that Mr.

{B0713441.4}

White now resides outside of the State of Alabama, Chase avers that this Court would have personal jurisdiction over him because the real property made the subject of the Complaint and the Third-Party Complaint is located in the State of Alabama.

2. On or about August 1, 1997, Mr. White executed a promissory note (the "Note") in favor of Malone/Gordon Mortgage and Investment, Inc. (hereinafter, "Malone/Gordon") on August 1, 1997. Mr. White's then wife, Plaintiff Petra White Tubbs ("Ms. Tubbs") did not sign the Note. The Note was subsequently endorsed in blank, without recourse, to Chase's predecessor, Chase Manhattan Mortgage Corporation. Chase was the holder of the Note at the time of the foreclosure sale referenced herein.

3. Also on or about August 1, 1997, Mr. White and Ms. Tubbs executed a Mortgage in favor of Malone/Gordon for real property located at 12245 Country Club Drive, Northport, Alabama 35475, in Tuscaloosa County (hereinafter, the "Property") to secure repayment of the loan evidenced by the Note. The Mortgage was subsequently assigned to Chase.

4. The Mortgage provided that Ms. Tubbs, because she had not signed the Note, was not personally obligated to pay the sums secured by the Mortgage.

5. At all material times, Chase was the servicer of the mortgage loan on the Property.

6. On or around October 31, 2011, the Property was destroyed by fire.

7. In accordance with the terms of the Mortgage and Note, Chase conducted a foreclosure sale of the Property on March 26, 2013, at which Federal National Mortgage Association (hereinafter, "Fannie Mae") was the highest and best bidder for the Property. A Foreclosure Deed was executed in favor of Fannie Mae on April 4, 2013.

8. In March of 2013, prior to the foreclosure sale, Chase received insurance claim funds in the amount of $160,473.67 from the Property insurer, Travelers Insurance, stemming from the fire to the Property.

9. On June 4, 2014, Chase disbursed $43,552.89 of the insurance claim funds to its sole borrower under the mortgage loan, Mr. White.

10. On May 4, 2011, a Final Judgment of Divorce was entered by the Circuit Court of Tuscaloosa County, Alabama, dissolving the marriage of Mr. White and Ms. Tubbs. Mr. White and Ms. Tubbs had entered into a separate Agreement on April 26, 2011, which was referenced and made a part of the Final Judgment of Divorce. In pertinent part, the Agreement stated as follows:

> "4. REAL PROPERTY. The Wife shall be vested in all right, title, and interest in the parties' marital home. Husband shall assist the Wife in transferring the homeowner's policy from his name to the Wife's name, and he shall assist the Wife in prosecuting any claim against the homeowner's policy. …"

11. Upon information and belief, at the time of the October 31, 2011 fire at the Property and when Travelers subsequently issued the check to Chase for the insurance claim funds related to the fire, only Mr. White, and not Ms. Tubbs, was identified as the home owner/beneficiary on the applicable Traveler's homeowners' insurance policy. At no time did Ms. Tubbs ever personally obligate herself to Chase for repayment of the debt evidenced by the Note.

12. On July 15, 2014, Ms. Tubbs, through her attorneys, filed this action against Chase asserting her entitlement to the entire amount of the insurance claim funds, and asserting legal claims against Chase based on its alleged failure to pay those funds to her. (See Complaint, Doc. 1).

13. As a result of the foregoing and its obligations to Mr. White under the Mortgage and Note, Chase avers that Mr. White is a necessary party who should be joined to this action because he has an interest in the subject of this action (the insurance claim funds) and is situated such that in his absence a disposition of Ms. Tubbs' claims against Chase, by compromise settlement or judgment, may as a practical matter impair or impede Mr. White's ability to protect his interest and leave Chase subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations.

## I. COUNT ONE
### (Declaratory Judgment - 28 U.S.C. §§ 2101, *et seq.*)

14. Chase adopts and reincorporates by reference all of the allegations of Paragraphs 1 through 13, above, as if fully set forth herein.

15. An actual controversy exists in this action over Chase's entitlement to the insurance claim funds and, if Chase is not entitled to the same, whether Ms. Tubbs or Mr. White is the party who is rightfully entitled to the funds, including, but not limited to, the amount of such entitlement.

16. Chase respectfully seeks a judgment from this Court declaring its legal rights and obligations to Mr. White and Ms. Tubbs over the insurance claim funds, and Mr. White's obligations to Chase and to Ms. Tubbs as to the insurance claim funds, under the Note and Mortgage, or otherwise.

WHEREFORE, based on the foregoing, Chase requests that the Court enter a judgment declaring the rights and obligations between Chase, Mr. White, and Ms. Tubbs, and Mr. White's obligations to Chase and the Plaintiff, under the Note and Mortgage, or otherwise, with respect to the insurance claim funds. Chase requests such other and further relief to which it may be entitled.

Respectfully submitted, this the **16th** day of **December, 2014**.

Attorneys for Defendant and
Counterclaim/Third-Party Plaintiff,
JPMorgan Chase Bank, N.A.:

*/s/ Sandy G. Robinson*
**SANDY G. ROBINSON**
CABANISS, JOHNSTON, GARDNER,
  DUMAS & O'NEAL LLP
Post Office Box 2906
Mobile, Alabama  36652
Telephone:  (251) 415-7300
Facsimile:   (251) 415-7350
E-Mail:      sgr@cabaniss.com

*/s/ Michael E. Turner*
**MICHAEL E. TURNER**

*/s/ Jason W. Bobo*
**JASON W. BOBO**
CABANISS, JOHNSTON, GARDNER,
  DUMAS & O'NEAL LLP
2001 Park Place North, Suite 700
Birmingham, Alabama  35203
Telephone:  (205) 716-5200
Facsimile:   (205) 716-5389
E-Mail:      met@cabaniss.com
             jwb@cabaniss.com

## CERTIFICATE OF SERVICE

I hereby certify that on this date I caused a true and accurate copy of the foregoing **DEFENDANT JPMORGAN CHASE BANK, N.A.'S COUNTERCLAIM AND THIRD-PARTY COMPLAINT FOR DECLARATORY JUDGMENT** to be electronically filed with the Clerk of Court for the United States District Court for the Northern District of Alabama, which will send electronic notification of such filing to all counsel of record for Plaintiff Petra White Tubbs and Defendant Dimont & Associates, Inc., as follows:

This the **16th** day of **December**, **2014**.

>
> /s/ Michael E. Turner
> **OF COUNSEL**

## REQUEST FOR SERVICE

PLEASE TAKE NOTICE that, pursuant to Rule 4 of the Federal Rules of Civil Procedure, JPMorgan Chase Bank, N.A. hereby requests that the Clerk of Court serve the Summons and Counterclaim and Third-Party Complaint for Declaratory Judgment in this action on the Third-Party Defendant, Corbitt White, by certified U.S. Mail, as follows:

> Mr. Corbitt White
> 329 Whittemore Road
> Jasper, Alabama 35503

This the **16th** day of **December, 2014**.

>
> /s/ Michael E. Turner
> **OF COUNSEL**